IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re** | ) | |
| | ) | |
| **FACTORY 2-U STORES, INC., a/k/a** | ) | **Chapter 7** |
| **FACTORY 2-U, f/a/k/a GENERAL** | ) | |
| **TEXTILES, INC., f/a/k/a GENERAL** | ) | **Case No. 04-10111 (PJW)** |
| **TEXTILES, f/a/k/a FAMILY BARGAIN** | ) | |
| **CORPORATION, f/a/k/a FAMILY** | ) | |
| **BARGAIN CENTER,** | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| **JEOFFREY L. BURTCH,** | ) | |
| **CHAPTER 7 TRUSTEE,** | ) | |
| | ) | |
| | ) | Adv. Pro. No. _____ (PJW) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **DIRECT TRADE IMPORTS, INC,** | ) | |
| | ) | |
| **EDWARD ABRAMOWITZ,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **DANIEL RAPOSO** | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

JURISDICTION

1. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11, arises in, and relates to a case under Title 11, in the United States Bankruptcy Court for the District of Delaware, Case No. 02-11033 (PJW). 28 U.S.C. § 1334(b).

1

2. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1409.

## THE PARTIES

4. Factory 2-U Stores, Inc. (sometimes, "F2U") is a corporation incorporated in the State of Delaware. On January 13, 2004 (the "Petition Date"), Factory 2-U Stores, Inc. filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. This case converted to a case under Chapter 7 on January 27, 2005. Jeoffrey L. Burtch, an individual, was appointed as interim trustee on January 27, 2005, serves as the trustee of the estate of F2U (the "Trustee"), and is the Plaintiff in this action.

6. All monies owed to F2U as of the Petition Date are property of the estate.

7. Direct Trade Imports, Inc. ("DTI") is a corporation incorporated in the State of California.

8. Daniel Raposo ("Raposo") is an individual residing in Connecticut.

9. Edward Abramowitz ("Abramowitz") is an individual residing in Connecticut.

10. At all relevant times, Abramowitz was the President of DTI.

11. At all relevant times, Abramowitz was an officer of DTI.

## ADDITIONAL ALLEGATIONS

12. F2U made revolving loans to DTI pursuant to a Financing Agreement and other loan documents, including, but not limited to, a $4,000,000 Revolving Promissory Note, two Debt Subordination Agreements, two Guarantees, Letter Agreements and a Security Agreement (collectively, with the Financing Agreement, the "Loan Documents").

13. Each Loan Document is dated on or about July 29, 2002, and is signed by DTI.

14. The Financing Agreement was executed on behalf of DTI by its president Abramowitz.

15. DTI promised to repay amounts advanced by F2U pursuant to the Loan Documents in a written Revolving Loan Promissory Note.

16. The Revolving Loan Promissory Note was executed on behalf of DTI by its president Abramowitz

17. The Security Agreement provides that any and all fees, costs and expenses, including attorneys fees in connection with prosecuting any actions or proceedings arising out of or related to Security Agreement or to which the Security Agreement relates, shall be borne and paid by the DTI

18. The Security Agreement calls for interest on any such fees until such fees are paid.

19. Raposo guaranteed the obligations of DTI to F2U in a written Guarantee executed as of July 29, 2002.

20. Abramowitz guaranteed the obligations of DTI to F2U in a written Guarantee executed as of July 29, 2002.

21. F2U made advances to or for the benefit of DTI aggregating $3,031,395.00 pursuant to the Loan Documents.

22. F2U incurred expenses chargeable to DTI under the Financing Agreement aggregating $104,137.00.

23. F2U earned a commitment fee and purchase discounts payable by DTI under the Financing Agreement aggregating $200,000.00.

24. F2U received payments from or for the benefit of DTI aggregating $2,269,616.00.

25. The Loan Documents provide that interest at the rate of 12 percent per annum shall accrue on all outstanding obligations.

26. The Loan Documents provide that default interest at the rate of 14 percent per annum shall accrue on all outstanding obligations after default.

27. DTI defaulted on its obligations to F2U by failing to pay amounts due pursuant to the Loan Documents as agreed.

28. On January 16, 2003, F2U gave notice of the default and demanded in writing that DTI, Raposo and Abramowitz pay the amount due to F2U under the Loan Documents, including, but not limited to, under the Revolving Loan Promissory Note, and written Guarantees.

29. As of May 3, 2003, the total amount due, owing and unpaid to F2U under the Loan Documents was $1,221,796.00, plus costs and interest on such costs.

   a. The total amount due included $111,076.00 in interest incurred at the basic contractual rate of 12 percent per annum; and

   b. $44,805.00 in interest incurred from January 22, 2003, through May 3, 2003, at the default rate of 14 percent per annum; and

   c. additional interest began to accrue at the rate of $444.15 per day beginning on May 4, 2003, and continues to accrue at such rate for each day thereafter.

30. F2U has received no payments from or on behalf of DTI in satisfaction of the $1,221,796.00 due as of May 3, 2003, or in satisfaction of the daily interest of $444.15 per day due on and after May 4, 2003.

31. F2U has received no payments from or on behalf of Raposo in satisfaction of the $1,221,796.00 due as of May 3, 2003, or in satisfaction of the daily interest of $444.15 per

day due on and after May 4, 2003.

32. F2U has received no payments from or on behalf of Abramowitz in satisfaction of the $1,221,796.00 due as of May 3, 2003, or in satisfaction of the daily interest of $444.15 per day due on and after May 4, 2003.

33. The written Guarantee executed by Raposo provided that Raposo was liable for the total amount of all of DTI's obligations of F2U's rights and remedies and of collection.

34. The written Guarantee executed by Abramowitz provided that Abramowitz was liable for the total amount of all of DTI's obligations of F2U's rights and remedies and of collection.

35. As of May 3, 2003, the total amount due and owing to F2U under the Loan Documents was $1,221,796.00 plus costs (including, but not limited to, attorneys fees) (hereinafter, "the Costs").

36. The principal amount of the debt owed to F2U due as of May 3, 2003 is $1,221,796.00 plus Costs (hereinafter, the "Principal").

37. Interest accrues upon the Principal at the rate of $444.15 per day, beginning on May 4, 2003 (the "Interest"). The Interest continues to accrue through and beyond the date of this action and until judgment is entered upon this complaint.

38. On and after May 4, 2003, other costs have been incurred to collect monies owed from one or more of the defendants (the "Additional Costs").

39. Interest accrues upon the Additional Costs at the rate of 14% per annum (the "Additional Interest").

## COUNT ONE
## TURNOVER VS. DTI
## 11 U.S.C. § 542

40. The Plaintiff realleges all preceding paragraphs.

41. The Principal, the Interest, the Additional Costs, and the Additional Interest are property of the bankruptcy estate of F2U.

42. DTI is obligated to pay Principal, the Interest, the Additional Costs, and the Additional Interest to the Trustee.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant DTI on this Count in the amount of the Principal, the Interest, the Additional Costs, and the Additional Interest plus post-judgment interest and costs, including, but not limited to, attorneys fees.

## COUNT TWO
## TURNOVER VS. ABRAMOWITZ
## 11 U.S.C. § 542

43. The Plaintiff realleges all preceding paragraphs.

44. The Principal, the Interest, the Additional Costs, and the Additional Interest are property of the bankruptcy estate of F2U.

45. Abramowitz is obligated to the Trustee for Principal, the Interest, the Additional Costs, and the Additional Interest.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant Abramowitz on this Count in the amount of the Principal, the Interest, the Additional Costs, and the Additional Interest plus post-judgment interest and costs, including, but not limited to, attorneys fees.

## COUNT THREE
## TURNOVER VS. RAPOSO
## 11 U.S.C. § 542

46. The Plaintiff realleges all preceding paragraphs.

47. The Principal, the Interest, the Additional Costs, and the Additional Interest are property of the bankruptcy estate of F2U.

48. Raposo is obligated to the Trustee to pay the Principal, the Interest, the Additional Costs, and the Additional Interest.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendant Raposo on this Count in the amount of the Principal, the Interest, the Additional Costs, and the Additional Interest plus post-judgment interest and costs, including, but not limited to, attorneys fees.

## COUNT FOUR
## BREACH OF CONTRACT VS. DTI, ABRAMOWITZ AND RAPOSO
## 11 U.S.C. § 542

49. The Plaintiff realleges all preceding paragraphs.

50. On or about May 27, 2003, F2U commenced a proceeding in the Supreme Court of the State of New York against the Defendants (the "Action") to recover the monies owed to F2U under the Loan Documents, including, but not limited to, the Financing Agreement, the Revolving Loan Promissory Note, and the written Guarantees.

51. Each of the Defendants executed a settlement agreement dated September 17, 2003, (the "Agreement") to resolve the Action.

52. Pursuant to the Agreement, each of the Defendants agreed that as of May 3, 2003:

    (a)    the sum of $1,221,796.00 was due, owing and unpaid to F2U;

    (b)    interest of 12% per annum would accrue upon the $1,221,796.00 amount

    from May 3, 2003; and

 (c) that reasonable attorneys' fees and costs, incurred by F2U in collecting the $1,221,796.00 amount were owing.

53. Hereinafter, the sum of the amounts stated above in the subsections of paragraph 52 shall be referred to as the "Debt."

54. Pursuant to the Agreement, each of the Defendants agreed to pay F2U the amount of $500,000 with interest at the rate of 7.5% per annum to accrue from the date of the Agreement.

55. Each of the Defendants failed to pay F2U any monies due under the Agreement.

56. Each of the Defendants did not comply with their respective obligations pursuant to the terms of the Agreement.

57. Each of the Defendants have defaulted and breached the Agreement.

58. The Agreement further provided that in the event of a default, the entire Debt would be owed jointly and severally by each Defendant to F2U.

59. Each of the Defendants is obligated to pay the Trustee the amount of the Debt.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against the Defendants, jointly and severally, on this Count in the amount of the Debt plus post-judgment interest and costs, including, but not limited to, attorneys fees.

**PRAYER FOR RELIEF**

WHEREFORE, the Trustee requests that this Court grant it the following relief against Defendants:

    A.    On Count One, judgment against Defendant DTI in the amount of the Principal, the Interest, the Additional Costs, and the Additional Interest, plus post-judgment interest and costs, including, but not limited to, attorneys fees as provided under the Financing Agreement, the Security Agreement, the Revolving Loan Promissory Note and the written Guarantees and the Agreement; and

    B.    On Count Two, judgment against Defendant Abramowitz in the amount of the Principal, the Interest, the Additional Costs, and the Additional Interest, plus post-judgment interest and costs, including, but not limited to, attorneys fees as provided under the Financing Agreement, the Security Agreement, the Revolving Loan Promissory Note and the written Guarantees and the Agreement; and

    C.    On Count Three, judgment against Defendant Raposo in the amount of in the amount of the Principal, the Interest, the Additional Costs, and the Additional Interest, plus post-judgment interest and costs, including, but not limited to, attorneys fees as provided under the Financing Agreement, the Security Agreement, the Revolving Loan Promissory Note and the written Guarantees and the Agreement; and

    D.    On Count Four, judgment against each of the Defendants, jointly and severally, in the amount of the Debt, plus post-judgment interest and costs, including, but not limited to, attorneys fees as provided under the Financing Agreement, the Security Agreement, the Revolving Loan Promissory Note and the written Guarantees and the

Agreement; and

E.  Awarding pre-judgment interest at the per diem rate of the Interest, as defined herein, awarding pre-judgment Additional Interest, and post judgment interest at the maximum legal rate running from the date of judgment hereunder until the date the judgment is paid in full, plus costs, including but not limited to, attorneys fees as provided under the Financing Agreement, the Security Agreement, the Revolving Loan Promissory Note and the written Guarantees and the Agreement; and

F.  Granting the Trustee such other and further relief as the Court deems just and proper

**COOCH AND TAYLOR**


 /s/ Adam Singer
Adam Singer, Esquire (#2472)
George R. Tsakataras (#3911)
824 Market Street, Suite 1000
Wilmington, DE 19801
Attorney for Jeoffrey L. Burtch, Chapter 7 Trustee

January 11, 2006