**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| FACTORY 2-U STORES, INC., | ) | Case No. 04-10111 (PJW) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JEOFFREY L. BURTCH, CHAPTER 7 | ) | |
| TRUSTEE, | ) | Adv. Proc. No. 06-50321 (KJC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIRECT TRADE IMPORTS, INC., | ) | |
| EDWARD ABRAMOWITZ, and | ) | |
| DANIEL RAPOSO, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**EDWARD ABRAMOWITZ AND DANIEL RAPOSO**

Defendants Edward Abramowitz and Daniel Raposo (the "Defendants") in the above-captioned adversary proceeding, by and through their undersigned counsel, and for their answer and affirmative defenses to the Complaint, respectfully state as follows:

**JURISDICTION**

1. Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3 of the Complaint.

## THE PARTIES

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, deny same.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, deny same.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

## ADDITIONAL ALLEGATIONS

12. Paragraph 12 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

13. Paragraph 13 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

14. Paragraph 14 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

15. Paragraph 15 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

16. Paragraph 16 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

17. Paragraph 17 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

18. Paragraph 18 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

19. Paragraph 19 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

20. Paragraph 20 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

21. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint and, therefore, deny same.

22. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, deny same.

23. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and, therefore, deny same.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and, therefore, deny same.

25. Paragraph 25 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

26. Paragraph 26 is a statement to which no response is required, as the Loan Documents speak for themselves. To the extent the Plaintiff has mischaracterized the Loan Documents, the Defendants deny each and every mischaracterization.

27. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and, therefore, deny same.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and, therefore, deny same.

29. Defendants admit that as of May 3, 2003, the total amount due owing and unpaid to F2U under the Loan Documents was $1,221,796.00. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations set forth in Paragraph 29 of the Complaint and, therefore, deny same.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and, therefore, deny same.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint and, therefore, deny same.

39. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, therefore, deny same.

## COUNT ONE
## TURNOVER VS. DTI
## (11 U.S.C. § 542)

40. Defendants restate the responses contained in Paragraphs 1-40 as if fully set forth herein.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

## COUNT TWO
## TURNOVER VS. ABRAMOWITZ
## (11 U.S.C. § 542)

43. Defendants restate the responses contained in Paragraphs 1-42 as if fully set forth herein.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

## COUNT THREE
## TURNOVER VS. RAPOSO
## (11 U.S.C. § 542)

46. Defendants restate the responses contained in Paragraphs 1-45 as if fully set forth herein.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

## COUNT FOUR
## BREACH OF CONTRACT VS. DTI, ABRAMOWITZ AND RAPOSO
## (11 U.S.C. § 542)

49. Defendants restate the responses contained in Paragraphs 1-48 as if fully set forth herein.

50. Defendants admit the allegations contained in Paragraph 50 of the Complaint.

51. Defendants admit the allegations contained in Paragraph 51 of the Complaint.

52. Defendants admit that as of May 3, 2003: (a) the sum of $1,221,796.00 was due, owing and unpaid to F2U; and (b) interest of 12% per annum would accrue upon the $1,221,796.00 amount from May 3, 2003. Defendants deny the remainder of the allegations contained in Paragraph 52 of the Complaint.

53. Paragraph 53 is a statement to which no response is required. To the extent a response is required, Defendants admit that the Plaintiff purports to define the amounts in the subsections of Paragraph 52 as "Debt".

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants admit the allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 59.

## AFFIRMATIVE DEFENSES

Defendants incorporate each and every admission, denial and averment made by Defendant in Paragraphs 1 through 59 as though fully set forth herein. Defendants assert, separately and/or alternatively, even if inconsistent, the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief requested in the Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied pursuant to the doctrine of accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied pursuant to the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied pursuant to the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied pursuant to the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied due to the doctrine of impossibility of performance of the contract(s) upon which relief is sought.

## RESERVATION OF CLAIMS AND DEFENSES

Defendant reserves the right to assert any other claims or defenses as may be available, or may become available to it during the course of these proceedings.

WHEREFORE, Defendant respectfully requests that the Court enter an Order:

A. Denying the relief sought by the Plaintiff;

B. Dismissing the Complaint with prejudice, assessing any costs of this litigation against the Debtor, and awarding Defendant its reasonable attorney's fees incurred in defending this litigation; and

C. Providing such relief as the Court deems necessary and appropriate.

**[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY.]**

Dated: June 14, 2006    ASHBY & GEDDES, P.A.

/s/ William P. Bowden
William P. Bowden (I.D. #2553)
Ricardo Palacio (I.D. #3765)
Amanda M. Winfree (I.D. #4615)
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888

*Attorneys for Edward Abramowitz and Daniel Raposo*

170361.1

## CERTIFICATE OF SERVICE

I, Ricardo Palacio, Esquire hereby certify that, on the 14th day of June, 2006, I caused a true and correct copy of the *Answer and Affirmative Defenses of Edward Abramowitz and Daniel Raposo* to be served upon the below listed counsel in the manner so indicated.

_____
Ricardo Palacio (I.D. #3765)

**HAND DELIVERY**
Adam Singer, Esq.
George R. Tsakataras, Esq.
COOCH & TAYLOR
824 Market Street
Suite 1000
Wilmington, DE 19801

170361.1